UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------X
In re:                                           :
                                                 :    Chapter 7
            SUNE GAULSH,                         :    Case No. 15-12496 (SMB)
                                                 :
                        Debtor.                  :
-------------------------------------------------X

**MEMORANDUM DECISION AND ORDER GRANTING
REARGUMENT AND ADHERING TO ORIGINAL DECISION**

**A P P E A R A N C E S:**

LAW OFFICE OF COLIN M. LINSENMAN
*Attorney for Debtor*
43 West 43rd St., Suite 62
New York, NY 10036

  Colin M. Linsenman, Esq.
    Of Counsel

AMANDA HILLER
Deputy Commissioner and Counsel
*Attorney for New York State Department of Taxation and Finance*
15 MetroTech Center
Brooklyn, NY 11201

  Jeffrey K. Cymbler, Esq.
  District Tax Attorney
    Of Counsel

  It may sound strange, but the debtor objected to the proof of claim filed by the New York State Department of Taxation and Finance ("Department") because the amount of the claim was too low. After the Court overruled the claim objection, the debtor filed this motion for reconsideration. (*Motion for Reconsideration of Debtor's Objection to Proof of Claim #2 Filed by New York State Department of Taxation and Finance*, dated Apr. 22, 2019 (the "*Motion*") (ECF Doc. # 45).) The Court will grant the

*Motion* solely to amplify its prior bench decision. However, the debtor's underlying claim objection is meritless, and the Court will, therefore, adhere to its original decision.

## BACKGROUND

The facts are undisputed. The debtor filed his chapter 7 petition on September 8, 2015 ("Petition Date"). His initial submissions suffered from two material deficiencies that came to light only later. First, Schedule B (ECF Doc. # 1) did not disclose a claim the debtor had against his former attorney although it was the subject of litigation. Second, the debtor had not filed a 2013 tax return, but Schedule E did not list any unsecured priority claims, which would have included his potential 2013 tax liability.

On November 2, 2015, and while the bankruptcy case was pending, the Debtor filed his 2013 income tax return. (*Response to Objection to Proof of Claim #2 Filed by New York State Department of Taxation and Finance*, dated Mar. 28, 2019 ("*First Response*"), at ¶ 2 (ECF Doc. # 43).) The Department issued a Notice of Assessment that same day in the sum of $39,878.61.[1] (*Id.* at ¶ 3 & Ex. A.) The Trustee eventually filed a "no asset" report, meaning the case was fully administered and there were no assets to distribute to creditors. The debtor received a discharge on April 12, 2016 and the case was closed the same day.

The debt for 2013 income taxes was not dischargeable, *see* 11 U.S.C. §§ 507(a)(8)(A)(i), 523(a)(1), and the Department subsequently collected most of the debt

---

[1] Although the debtor claims he disclosed the tax liability as well as the litigation claim to the chapter 7 trustee ("Trustee"), the United States Trustee and his largest unsecured creditor, he never amended his schedules to reflect the claim or the tax liability.

2

outside of the bankruptcy. On April 1, 2016, the Department set off a $5,142.00 tax refund pertaining to 2015 against the debtor's New York State tax debt.[2] (*First Response*, at ¶ 5 & Ex. B.) The debtor and the Department also entered into two installment payment agreements (collectively, the "Agreements") after the case was closed to pay down the debt at the rate of $800.00 per month, and finally, the Department set off an additional $10,103.81 of 2013 tax debt against another refund. (*Id.* at ¶¶ 8-10 & Exs. C & D.)

On October 23, 2018, the debtor moved to reopen his case. (*Debtor's Motion for an Order Reopening His Chapter 7 Case Pursuant to 11 U.S.C. § 350(b) and to Reappoint the Chapter 7 Trustee*, dated Oct. 23, 2018 (ECF Doc. # 23).) The motion revealed that the debtor had commenced a state court action in December 2015 against the attorney that had represented him in a child custody dispute, the attorney had defaulted, and the state court had scheduled an inquest.[3] (*Id.* at ¶¶ 11, 14.) The debtor had "inadvertently" failed to schedule the claim or list it in his statement of financial affairs, (*id.* at ¶ 15), and the claim now looked to be valuable. In addition, he had "inadvertently" failed to list his tax debt, (*id.* at ¶ 16), and he now sought to amend Schedule E to list the Internal Revenue Service and the Department as priority creditors in the respective sums of $95,307.25 and $39,878.61, based on unpaid 2013 income taxes. (*See id.* at ¶ 16 & Ex. A, Sched. E.) The Court denied the motion without prejudice because the debtor's attorney had failed to submit a memorandum of law.

---

[2]   This set off occurred while the bankruptcy case was still pending. Nothing in this decision precludes the appropriate party from seeking relief based on this set off.

[3]   The debtor did not disclose the pending lawsuit in response to Part 4 of his amended statement of financial affairs, which he filed on January 12, 2016. (*See* ECF Doc. # 13.)

3

(*Order Denying Debtor's Motion for an Order Reopening His Chapter 7 Case Pursuant to 11 U.S.C. § 350(b) Without Prejudice*, dated Nov. 16, 2018 (ECF Doc. # 25).)

The debtor filed a second motion to reopen with an accompanying memorandum of law, (*Debtor's Motion for an Order Reopening His Chapter 7 Case Pursuant to 11 U.S.C. § 350(b) and to Reappoint the Chapter 7 Trustee*, dated Nov. 19, 2018 (ECF Doc. # 26)), and this time, the Court reopened the case. (*Order Granting Debtor's Motion for an Order Reopening His Chapter 7 Case Pursuant to 11 U.S.C. § 350(b)*, dated Dec. 17, 2018 (ECF Doc. # 29).) The Trustee, who had been reappointed by the United States Trustee, notified the Clerk of Court of a possible dividend, (*Letter from Trustee to Clerk of Court*, dated Dec. 18, 2018 (ECF Doc. # 31)), and the Clerk sent a notice to creditors setting a deadline of March 25, 2019 to file claims. (*Notice of Possible Payment of Dividends and of Last Date to File Claims*, dated Dec. 19, 2018 (ECF Doc. # 34).) The Department filed an amended unsecured priority claim in the sum of $4,182.58 (the "Claim"), representing the remaining balance due from the debtor for his 2013 income tax liability. (Claim # 2-2.) In addition, the Internal Revenue Service filed an unsecured priority claim in the sum of $90,803.27, (Claim # 4-1), and the American Express National Bank filed a general unsecured claim in the sum of $28,533.99. (Claim # 3-1.)

### A. The Claim Objection

The debtor filed an objection to the Claim on March 8, 2019. (*Objection to Proof of Claim #2 Filed by New York State Department of Taxation and Finance*, dated Mar. 8, 2019 ("*Objection*") (ECF Doc. # 42).) He reasoned that once an objection to a claim is filed, the Court must determine the amount of the claim "as of the date of the filing of the petition." (*Objection* ¶ 7 (quoting 11 U.S.C. § 502(b).) He conceded that he owed the

4

Department $39,878.61 on the Petition Date, (*id.* at ¶ 4), and the Department had, therefore, "improperly reduced [the Claim] to account for payments made by the Debtor post-petition, and with funds that were not part of the bankruptcy estate." (*Id.* at ¶ 8.) Consequently, the Department should be "*ordered* to enter a Proof of Claim in the amount of the debt owed to it as of the date of the filing of the petition." (*Id.*, WHEREFORE Clause at ¶ A) (emphasis added).) Thus, instead of a claim in the amount of $4,182.58, the Department should be *forced* to file a claim in the amount of $39,878.61.

The debtor was attempting to use section 502 as a "back door" avoidance provision for his personal benefit. He contended that the Court should allow the Department's $39,878.61 claim, the Trustee should pay that claim from estate funds recovered in litigation, and he should be reimbursed by the Department for any surplus. (*Brief in Support of Objection to Proof of Claim #2 Filed By New York State Department of Taxation and Finance*, dated Mar. 8, 2019, at ECF p. 6 of 14[4] ("To the extent that Debtor is able to recover funds in the lawsuit filed in state court, those funds should be applied to the claim in the amount as of the petition date. To the extent that payment results in a surplus for the creditor, the Debtor should be reimbursed in an amount equal to the surplus, as those payments were made with post-petition funds, and were not part of the bankruptcy estate.") (ECF Doc. # 42).) Depending on the success of the litigation, the surplus could exceed $35,000.

---

[4] "ECF p." refers to the page number and number range printed at the top of each page by the Court's CM/ECF system.

5

The Department submitted a brief response. After recounting the history of the case, it simply stated that the Department had validly collected the debt from non-estate property after the case was closed and before the case was reopened. (*First Response* at ¶ 16.)

The Court denied the *Objection* from the bench.[5] (*Order Denying Debtor's Objection to Proof of Claim #2 Filed by New York State Department of Taxation and Finance*, dated Apr. 19, 2019 (ECF Doc. # 44).) The Court pressed debtor's counsel on what he hoped to accomplish since the debt was not dischargeable and was reduced by offsets to refunds and payments under the Agreements executed after the case was closed. The Department was free to collect the non-dischargeable taxes directly from the debtor and it made no sense for the Department to file a claim for more than it was owed.

### B. Reargument

The *Motion* seeks reconsideration "to present to the Court an argument in response to the additional arguments raised by the Court, which were not relevant to Debtor's Objection, but which it appears the court relied on heavily in making its decision." (*Motion*, at ECF p. 2 of 6.) The debtor contends that permitting the Department to keep the tax payments (and thereby take a smaller distribution from the estate) prejudices the debtor because the creditors will receive the benefit of the post-petition payments by receiving a larger distribution from the same pot of assets. (*See id.* at ECF pp. 3-4 of 6.) On the other hand, if the Department receives a distribution in this

---

[5] The transcript is not available, but the digital recording is.

case of more than the unpaid balance of $4,182.58 on a $39,878.61 claim (a 10.49% dividend), the debtor will recover the surplus from the Department "which is not a concern of the bankruptcy estate." (*Id.* at ECF p. 3 of 6.)

The Department responded that the debtor failed to cite any legal authority to support the proposition that the Department must file a claim in the amount owed on the Petition Date and ignore subsequent collections that reduced the debt. (*Response to Motion for Reconsideration of Debtor's Objection to Proof of Claim #2 Filed by New York State Department of Taxation and Finance*, dated May 22, 2019, at ¶ 5 (ECF Doc. # 47).) In addition, the Court had previously rejected the debtor's argument regarding his right to recover a surplus. (*Id.* at ¶ 7.)

## DISCUSSION

A motion for reargument or reconsideration is governed by Local Bankruptcy Rule 9023-1.[6] The "motion must set forth concisely the matters or controlling decisions

---

[6] Local Bankruptcy Rule 9023-1(a) states:

> A motion for reargument of a court order determining a motion must be served within fourteen (14) days after the entry of the Court's order determining the original motion, or in the case of a court order resulting in a judgment, within fourteen (14) days after the entry of the judgment, and, unless the Court orders otherwise, shall be made returnable within the same amount of time as required for the original motion. The motion must set forth concisely the matters or controlling decisions which counsel believes the Court has not considered. No oral argument shall be heard unless the Court grants the motion and specifically orders that the matter be re-argued orally.

The *Motion* invokes Rules 59(e) and 60 of the Federal Rules of Civil Procedure, made applicable to this contested matter by Rules 9023 and 9024 of the Federal Rules of Bankruptcy Procedure, as well as Rule 3008 of the Federal Rules of Bankruptcy Procedure, (*Motion* at ECF p. 1 of 6), but the standards are the same as the local reargument rule. *Cf. In re Facebook, Inc. IPO & Derivative Litig.,* 43 F. Supp. 3d 369, 373 (S.D.N.Y. 2014)(Sweet, J.) (discussing the analogous Local District Court Rule 6.3), *aff'd*, 841 F.3d 122 (2d Cir. 2016). The debtor also cites Bankruptcy Rule 3008 which addresses reconsideration of orders allowing or disallowing claims. As the Court's order overruling the debtor's objection did not allow or disallow the Department's claim, it does not apply.

which counsel believes the Court has not considered." The movant must show that the court overlooked controlling decisions or factual matters that might have materially influenced its earlier decision. *In re Asia Global Crossing, Ltd.*, 332 B.R. 520, 524 (Bankr. S.D.N.Y. 2005). Alternatively, the movant must demonstrate the need to correct a clear error or prevent manifest injustice. *Perez v. Progenics Pharm., Inc.*, 46 F. Supp. 3d 310, 314 (S.D.N.Y. 2014); *accord In re Asia Global Crossing, Ltd.*, 332 B.R. at 524. "These criteria are strictly construed against the moving party so as to avoid repetitive arguments on issues that have been considered fully by the court," *Griffin Indus., Inc. v. Petrojam, Ltd.*, 72 F. Supp. 2d 365, 368 (S.D.N.Y. 1999); *accord Liberty Media Corp. v. Vivendi Universal, S.A.*, 861 F. Supp. 2d 262, 265 (S.D.N.Y. 2012), and a motion for reargument is not an opportunity to present the case under new theories, secure a rehearing on the merits, or otherwise take a "second bite at the apple." *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998); *see also Liberty Media Corp.*, 861 F. Supp. 2d at 265 ("A motion for reconsideration is not an opportunity for making new arguments that could have been previously advanced, nor is it a substitute for appeal.") (citations and internal quotation marks omitted).

The Court will grant reargument to further explain its decision but will not order oral argument because the debtor's arguments are ill-conceived and oral argument would be a waste of time. Here's why. First, the debtor misunderstands the claims allowance process. Bankruptcy Code § 501, which governs the filing of a claim, does not mandate that the creditor file the claim in the amount owed on the petition date. In fact, later events can affect the amount of the claim. The creditor may, as here, subsequently collect the debt from the debtor (or from guarantors) or the non-debtor

8

party aggrieved by the debtor's breach may mitigate its damages, such as by reselling goods the debtor wrongfully rejected or reletting premises following the debtor's eviction. Because of the unusual procedural posture of the case resulting from the debtor's "inadvertent" failure to schedule the litigation claim, the case was closed, the Department thereafter collected a substantial part of the debt from the debtor and by the time the case was reopened over two years later, the debtor owed the Department much less than he did on the Petition Date. Nothing in the Code allows much less requires the Court or the creditor to ignore a reduction in the amount of a claim. In fact, the assertion of the paid portion of the claim in those circumstances might run afoul of Bankruptcy Rule 9011.

Second, the debtor misreads or only partially reads section 502(b). Section 502(b) provides, in relevant part, that if an objection to a claim is made:

> the court . . . shall determine the amount of such claim in lawful currency of the United States as of the date of the filing of the petition, and shall allow such claim in such amount, *except to the extent that—*
> 
> (1) such claim is unenforceable against the debtor and property of the debtor, under any agreement or applicable law for a reason other than because such claim is contingent or unmatured . . . .

11 U.S.C. § 502(b)(1) (emphasis added). Subparagraph (b)(1) incorporates the affirmative defenses available to the debtor under non-bankruptcy law. 4 RICHARD LEVIN & HENRY J. SOMMER, COLLIER ON BANKRUPTCY ¶ 502.03[2][b], at 502-23 (16th ed. 2019). The debtor has asserted an objection in the belief that this requires the Department to file a larger claim but has not identified a substantive basis for its objection, *i.e.*, why the Department's claim for only $4,182.58 rather than $39,878.61 would be unenforceable under New York law. To the contrary, and not surprisingly, payment and offset are affirmative defenses under New York law, *see Hill v. St. Clare's*

*Hosp.*, 490 N.E.2d 823, 830 (N.Y. 1986) (payment); *Wooten v. New York*, 753 N.Y.S.2d 266, 269 (N.Y. App. Div. 2002) (offset), *leave to appeal denied*, 807 N.E.2d 289 (N.Y. 2003), that limit the allowed amount of the Claim under section 502(b)(1).

Third, the debtor ignores the role of the Trustee. There is currently no property of the estate to distribute to creditors but if the estate recovers funds from the debtor's former attorney, there will be. In that event, the Trustee is compelled by statute to object to the Department's $39,878.61 claim on the basis of part payment and seek to reduce it to $4,182.58, the amount still owed. 11 U.S.C. § 704(a)(5) ("The trustee shall . . . if a purpose would be served, examine proofs of claims and object to the allowance of any claim that is improper . . . .") In the end, the Department would be left with the same $4,182.58 claim.

Fourth, the debtor's argument turns bankruptcy law on its head. He contends that his recovery of the surplus "is not a concern of the bankruptcy estate," but he is wrong. As concerns creditors, the goal of bankruptcy is to pay them as much as possible. If the Department's claim is $4,182.58 rather than $39,878.61, there will be more money to pay the other claims. The debtor bemoans the fact that his post-bankruptcy payments will benefit his creditors and contends that the Department should be forced to file a claim for a debt in an amount he no longer owes so that he rather than the creditors can benefit. In bankruptcy, however, the debtor comes last, not first, and is not entitled to any surplus unless and until all timely and untimely claims are paid in full with interest. 11 U.S.C. § 726(a). The debtor has not pointed to any principle of bankruptcy law that requires that he rather than his creditors should receive the benefit of the payments he voluntarily agreed to make or refunds the

10

Department was entitled to set off in partial satisfaction of unpaid income taxes he failed to schedule.

Accordingly, reargument is granted but the Court adheres to its original decision.

So ordered.

Dated: New York, New York
July 17, 2019

/s/ *Stuart M. Bernstein*
STUART M. BERNSTEIN
United States Bankruptcy Judge